Filed 4/23/25  P. v. Rollings CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY TODD WAYNE ROLLINGS,<br><br>      Defendant and Appellant. | A169344<br><br>(Sonoma County Super. Ct. No. SCR-759646-1) |

**THE COURT:**

It is ordered that the non-published opinion filed on March 25, 2025, be modified as follows:

1. All text appearing after the heading "MEMORANDUM OPINION" and its attendant footnote shall be replaced by the following paragraph:

In light of the representation of Rollings's appellate counsel that Rollings has died, we remand this case to the trial court with directions to determine whether Rollings has in fact died and, upon filing of a certified copy of the death certificate (*In re Sheena K.* (2007) 40 Cal.4th 875, 893) or other satisfactory evidence of death, to enter an order that all proceedings in

the case have permanently abated.  (See *People v. Her* (2013) 216 Cal.App.4th 977, 983.)

This modification effects a change in the judgment.

The April 7, 2025, petition for rehearing is denied.


Date_____                        _____Banke_____ Acting P. J.

2

Filed 3/25/25  P. v. Rollings CA1/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY TODD WAYNE ROLLINGS,<br><br>    Defendant and Appellant. | A169344<br><br>(Sonoma County<br>Super. Ct. No. SCR-759646-1) |

**MEMORANDUM OPINION**[1]

Jeffrey Todd Wayne Rollings was sentenced to two years in county jail after a jury found him guilty of one felony count of resisting an executive officer (Pen. Code,[2] § 69, subd. (a)) and four misdemeanor charges: battery upon a peace officer (§ 243, subd. (b)), obstructing a peace officer (§ 148, subd. (a)(1)), battery (§ 242), and vandalism over $400 (§ 594, subd. (a)).  In this appeal, Rollings asks us to review the in camera proceedings on the

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1.  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2]  All statutory references are to the Penal Code.

motion his trial counsel filed under Evidence Code sections 1043 and 1045, which codified *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). Finding no abuse of discretion in those proceedings, we affirm the conviction.

In the *Pitchess* motion, defense counsel sought the production of police files and records concerning the three Santa Rosa police officers who were involved in the physical altercation with Rollings that underlay the charges. The trial court conducted in camera *Pitchess* hearings on four separate dates and sealed the transcripts for those proceedings. At the conclusion of those proceedings, the court informed the parties that there would be no disclosure of any police files or records.

Rollings asks us to conduct an independent review of the in camera hearing on his *Pitchess* motion and the People make no objection. We routinely grant such requests " 'to determine whether the trial court abused its discretion in denying a defendant's motion for disclosure of police personnel records.' " (*People v. Myles* (2012) 53 Cal.4th 1181, 1209.) Here, "[w]e have reviewed the record under seal and independently conclude that the trial court did not abuse its discretion in its ruling upon the *Pitchess* motion." (*People v. Prince* (2007) 40 Cal.4th 1179, 1286.)

## DISPOSITION

We affirm.

SMILEY, J.

WE CONCUR:

BANKE, ACTING P. J.
LANGHORNE WILSON, J.

A169344
*People v. Rollings*

2